IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00687-M-KS

| | | |
|---|---|---|
| REGINALD CROMARTIE,<br><br>Plaintiff,<br><br>v.<br><br>MR. PLOW, LLC, d/b/a PASSANANTE'S HOME FOOD SERVICES,<br><br>Defendant. | ) | ORDER |

These matters come before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 18] and Motion for Partial Dismissal [DE 6]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a Memorandum and Recommendation ("M&R"), recommending first that the court deny Defendant's initial motion for partial dismissal as moot, given Defendant's lack of objection to Plaintiff's untimely filing of his Amended Complaint and Defendant's present motion to dismiss the amended pleading. DE 27 at 1 n.1. Finding no clear error, the court adopts this portion of the M&R, accepts the Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and denies as moot Defendant's motion to dismiss the original complaint.

Regarding Defendant's motion to dismiss the Amended Complaint, Judge Swank recommends that this court grant the motion for Plaintiff's failure to file this action in a timely manner or, alternatively, dismiss Plaintiff's claims for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended (Title VII), and 42 U.S.C. § 1981, age discrimination under the Age Discrimination in Employment Act (ADEA), and retaliation under the ADEA for

Plaintiff's failure to state plausible claims for relief. Plaintiff filed a timely objection to the M&R (DE 32) and, despite the opportunity to do so, Defendant did not file a response to the objection.

As set forth herein, the court respectfully declines to adopt the M&R's finding as to timeliness of this action, but agrees with and adopts the alternative findings that Plaintiff's allegations, taken as true, fail to state plausible claims for sex discrimination, age discrimination, and retaliation based on sex and age. Therefore, the court sustains in part and overrules in part Plaintiff's objections, adopts the M&R as described herein, and grants in part and denies in part Defendant's motion to dismiss.

## I. Background

No party objects to Judge Swank's recitation of the relevant factual and procedural background of this case, and the court recounts it in substantial part here. Gerald Cromartie ("Plaintiff"), a Black male over the age of forty, brings this lawsuit against his former employer, Mr. Plow, LLC, d/b/a Passanante's Home Food Service ("Defendant"), alleging race and sex discrimination, including a hostile work environment, in violation of Title VII and 42 U.S.C. § 1981; retaliation in violation of Title VII; and age discrimination and retaliation in violation of the ADEA. Am. Compl. at 9-11, DE 13. Plaintiff worked as a Regional Event Marketing Manager for Defendant in Hickory, North Carolina, from July 31, 2023, through November 13, 2024. *Id.* ¶¶ 1, 4.

On or around July 30, 2024, Plaintiff learned he did not receive the same employment privileges as younger, female, and/or Caucasian employees, such as "employment longevity, higher base salaries, company credit cards, company computers, and access to physical company offices." *Id.* ¶ 11. During Plaintiff's employment, his supervisor, Alison Mark, "approved and orchestrated a campaign against [Plaintiff]" with one of Plaintiff's subordinates, Elizabeth Taylor.

*Id.* ¶ 17. Taylor made various derogatory statements about Cromartie and claimed she had been put "in charge of recording conversations with [Plaintiff] in an effort to get him fired." *Id.* ¶¶ 20–21. Around November 11, 2024, Plaintiff verbally reported Taylor's conduct to Mark, alleging race discrimination "and other violations of company policy related to illicitly recording . . . employees." *Id.* ¶ 24. On November 12, 2024, Plaintiff emailed both Mark and Plaintiff's other supervisor, Steve Fahey, "detailing the recent events." *Id.* ¶ 25. Plaintiff was terminated the following day. *Id.* ¶¶ 26–27.

On April 2, 2025, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging he was "terminated and denied promotional opportunities and other benefits because of his race and/or sex and/or age; and in retaliation for having complained about Defendant's unlawful employment practices in violation of Title VII and the ADEA." *Id.* ¶ 30. Plaintiff received a Notice of Right to Sue from the EEOC on July 31, 2025. *Id.* ¶ 31. Plaintiff filed this lawsuit on October 30, 2025. DE 1. He later filed the operative Amended Complaint on February 12, 2026. DE 13.

Defendant moves to dismiss the Amended Complaint, arguing that Plaintiff has failed to file this action in a timely manner or, alternatively, has failed to plausibly state certain claims for relief. DE 18. Plaintiff counters that his complaint was timely filed or that he is entitled to equitable tolling of the filing deadline for one day and, alternatively, that the amended complaint pleads facts sufficient to state plausible claims for sex discrimination, age discrimination, and ADEA retaliation. DE 24.

This court referred Defendant's motion to the assigned Magistrate Judge for a memorandum and recommendation (M&R). In the M&R, Judge Swank recommends dismissal of all claims against Defendant for Plaintiff's failure to file this action before the statutory deadline.

*See* DE 27. Alternatively, Judge Swank found that Plaintiff's allegations supporting his sex and age discrimination and ADEA retaliation claims are conclusory and, thus, insufficient to survive dismissal under Rule 12(b)(6). *See id.* Under these alternative findings, Judge Swank recommends that the court grant in part and deny in part Defendant's motion to dismiss. *Id.*

## II. Legal Standards

For dispositive matters, magistrate judges may be designated to conduct hearings (if appropriate) and submit to the district court proposed findings and recommendations for the disposition of such matters. 28 U.S.C. § 636(b)(1)(B). A magistrate judge's recommendation carries no presumptive weight. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . and may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Section 636(b)(1) "contemplates that a party's objection to a magistrate judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Thus, "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 622. Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## III. Objections

Plaintiff contends that Judge Swank erred by (1) declining to apply equitable tolling for his

failure to meet the filing deadline, and (2) failing to find that he has plausibly alleged a protected activity necessary to state his statutory claims. DE 32. Despite the opportunity to do so, Defendant lodged no objections to the M&R nor responded to Plaintiff's objections. DE 27.

## IV. Analysis

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As a result, the court accepts the complaint's well-pled factual allegations as true, and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice." *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir. 2019). Ultimately, when considering a motion to dismiss, the court must "draw on its judicial experience and common sense" to determine whether the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

### A. Timeliness

Judge Swank recommends that this court dismiss Plaintiff's claims for his failure to meet the filing deadline, which is ninety (90) days after his receipt of the EEOC's notice of right to sue.

The court agrees with Judge Swank's determination that the deadline fell on October 29, 2025 (calculated from August 1, 2025, the day after Plaintiff admittedly received the EEOC notice), and there is no dispute that this action was filed on October 30, 2025. Plaintiff argues that the court should equitably toll the deadline by one day because on October 29, 2025, his counsel attempted to file the complaint, but the court's electronic filing system rejected her attempt. Plaintiff attaches to his objections copies of emails on October 29, 2025, reflecting counsel's access to PACER to change account settings and showing that her registrations with the Fourth Circuit and the Western District of North Carolina were "processed" the same day, but her registration with the Eastern District of North Carolina was "rejected" at 2:31 p.m. that day. DE 32-1. Another email on October 30, 2025, at 9:01 a.m. advises that counsel's registration with this District was "processed." *Id.* at 10. Counsel also argues that she was unable to file the case manually in the Eastern District on October 29, 2025, because she is located hours away in Charlotte, North Carolina, in the Western District of North Carolina.

Construing this matter in the light most favorable to Plaintiff, the court finds these documents and explanation, which were not presented to Judge Swank, sufficient to persuade the court to toll the filing deadline by one day. Although the court recognizes that Plaintiff's counsel could have documented more diligent efforts to meet the October 29, 2025 deadline, such as written communications with the court reflecting her knowledge of the deadline and requests for assistance to meet it, the documents show she was diligent in attempting to file the action before the deadline passed. Further, counsel's reliance on a working electronic case filing system is wholly reasonable and any system error prohibiting a party's access (assuming one occurred for purposes of this analysis) should serve as an "extraordinary circumstance [that] stood in [Plaintiff's] way and prevented timely filing." *See Menominee Indian Tribe of Wis. v. U.S.*, 577

U.S. 250, 255 (2016). The court sustains Plaintiff's objection, accepts the complaint as timely filed on October 30, 2025, and denies Defendant's motion in this respect.

### B. Title VII and ADEA Discrimination Claims

Judge Swank recommends that the court grant Defendant's motion to dismiss Plaintiff's Title VII (sex discrimination) and ADEA discrimination claims for failure to state plausible claims for relief. Plaintiff's sole objection is that he "cited his concerns about race discrimination to management" and that such conduct constitutes "protected activity." DE 32 at 2. However, neither Judge Swank nor Defendant has challenged Plaintiff's Title VII race discrimination claims. To the extent that Plaintiff argues such protected activity supports his age and sex discrimination claims, the court is not persuaded for the reasons stated by Judge Swank. Plaintiff points to no other portion of the M&R to which he objects.

The court has reviewed the M&R, the briefs, and the entire record and finds no error by Judge Swank in finding that Plaintiff fails to state plausible claims for discrimination based on sex in violation of Title VII and based on age in violation of the ADEA. At the motion to dismiss stage, a plaintiff "must merely produce sufficient allegations, accepted as true, to state 'a claim to relief that is plausible on its face.'" *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 819 (4th Cir. 2026) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff points to and the court finds no allegations containing facts supporting a claim that Plaintiff suffered an adverse action by the Defendant because of his sex (male) and/or age (over 40). *See Barnhill v. Bondi*, 138 F.4th 123, 131 (4th Cir. 2025) ("Title VII prohibits an employer from 'refus[ing] to hire . . . or otherwise . . . discriminat[ing] against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex.'") (quoting 42 U.S.C. § 2000e-2(a)(1)); *Waters v. Logistics Mgmt. Inst.*,

716 F. App'x 194, 196 (4th Cir. 2018) ("The ADEA forbids an employer from taking an adverse employment action against an employee 'because of' that employee's age.") (quoting 29 U.S.C. § 623(a)(1)). Moreover, to the extent that Plaintiff seeks relief under 42 U.S.C. § 1981 for discrimination based on sex, the statute does not provide such relief. *Cf. Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 212 (4th Cir. 2007) (recognizing that "both Section 1981 and Title VII provide remedies against *racial* discrimination") (emphasis added). Even taking Plaintiff's allegations as true, they do not give rise to any reasonable inference of discrimination based on Plaintiff's sex or age. The court overrules Plaintiff's objection and grants Defendant's motion to dismiss Plaintiff's sex and age discrimination claims, including any claims alleging a hostile work environment and/or termination of employment.

### C. Retaliation Claims

Likewise, Plaintiff's allegations contain nothing permitting this court to reasonably infer that he suffered retaliation by Defendant because of his sex or age. To state a plausible claim of retaliation under Title VII or the ADEA, "the employee must demonstrate: '(1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action.'" *Anderson v. DHHS/Cent. Reg'l Hosp.*, No. 5:24-CV-299-BO, 2025 WL 510387, at *4 (E.D.N.C. Feb. 14, 2025) (quoting *Walton v. Marker*, 33 F.4th 165, 177 (4th Cir. 2022)).

While Plaintiff alleges that he was terminated the day after he complained about race discrimination, nothing in the Amended Complaint reflects that Plaintiff complained about discrimination based on his sex or age, or otherwise engaged in activity protected by Title VII (with respect to sex) or the ADEA. The court overrules Plaintiff's objection and grants Defendant's motion to dismiss Plaintiff's sex and age retaliation claims.

## V. Conclusion

In sum, Judge Swank was not provided the argument and evidence Plaintiff submitted with her objections concerning the timeliness of this action, and the court respectfully declines to adopt that portion of the M&R. However, Plaintiff's allegations set forth in the Amended Complaint are insufficient to state plausible claims for discrimination and/or retaliation based on Plaintiff's age and sex. The court dismisses a portion of Plaintiff's First Claim for Relief (alleging discrimination, retaliation and hostile work environment based on sex) and his Second Claim for Relief (alleging discrimination and retaliation under the ADEA). Plaintiff's First Claim for Relief, alleging discrimination, hostile work environment, and retaliation based on his race, will proceed, and the case is referred to Judge Swank for further proceedings.

Accordingly, as set forth herein, the court sustains in part and overrules in part Plaintiff's objections, adopts the recommendation [DE 27] in substantial part, DENIES AS MOOT Defendant's motion for partial dismissal of the original complaint [DE 6], and GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss the Amended Complaint [DE 18].

SO ORDERED this 23d day of November, 2026.

Richard E. Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE